CHARLES O. WHITMORE & another *vs.* JOSHUA G. NICKER-
SON & others.

Suffolk.    Nov. 13, 1877. — Oct. 21, 1878.    COLT & AMES, JJ., absent.

A. indorsed in blank an unsigned promissory note in the form " we promise to pay
to the order of A.," &c., and entrusted it to his clerk with instructions to deliver
it to B. upon the latter's signing it with the name of his firm.  The clerk delivered
it to B. who signed it with his own name only.  B. obtained and afterwards erased
the signature of C. as an additional maker, and sold the note to D., who bought
it in good faith ; and it was found as a fact that D. was not guilty of negligence
in failing to observe the erasure of C.'s name.  *Held,* that D. could maintain an
action on the note against A.

CONTRACT against Joshua G. Nickerson, Harrison Loring and
F. H. Smith on the following promissory note: " Boston, April 10,
1875.   $4500.   Five months after date we promise to pay to the
order of Harrison Loring  forty-five hundred dollars.   Payable
at Faneuil Hall Bank.   Value received.   J. G. Nickerson."   In-
dorsed " Harrison Loring, F. H. Smith."

At the trial in the Superior Court, before *Bacon,* J., without
a jury, it appeared that on April 10, 1875, Nickerson applied to
Loring for his indorsement of the note of the firm of J. G. Nick-
erson & Co., a firm consisting of Nickerson and T. B. Wales, Jr.
Loring consented, wrote the note in suit, signed it as indorser,
and left it with his bookkeeper, with instructions to deliver it to
Nickerson upon his signing it with the firm name.   Nickerson
soon afterwards obtained it from the bookkeeper, signed it with
his own name, saying he could get his partner to sign it with
him, but preferred not to give a firm note.   Loring was not in-
formed of the manner in which the note was signed till shortly
before it became due.   Nickerson, having obtained the note, of-
fered it at a bank for discount, but, observing that it read " we
promise," did not leave it there, but took it to Smith, procured
Smith's signature under his own name as a promisor, and then
offered it again at the bank.   The cashier of the bank pointed
out to him that it was not drawn as a joint and several, but as a
partnership note, and that Smith ought to have signed as in-
dorser, and Nickerson thereupon took it back to Smith and re-
quested him to erase his name from the face of the note, and
sign it as second indorser.   Smith's name was accordingly erased

from the face of the note, and put on the back under Loring's. Nickerson then returned the note to the bank, which, however, did not discount it, but the cashier put it into the hands of a broker, who sold it to the plaintiffs at the usual discount, and paid the proceeds to the cashier, who paid them to Nickerson.

The plaintiffs bought the note in good faith, without any knowledge of the foregoing facts, and without observing that the note read "we promise," or that there was an erasure under the signature of the promisor. The plaintiffs bought the note relying solely on Loring's indorsement, and did not read it, but only looked to see that it was indorsed by Loring.

The defendant Loring asked the judge to rule as follows: " 1. If Smith signed the note originally as joint promisor with Nickerson, and his name was erased by Nickerson, or at his request, after Loring had indorsed the note and delivered it to Nickerson, and without Loring's knowledge or consent, then Loring cannot be held, and it is immaterial whether Smith's original signature to the note was made before or after Loring's indorsement, or whether the plaintiffs knew or had reason to know that any change had been made in the note since Loring indorsed it.  2. If the note in suit, having been drawn in a form to call for the signature of more than one promisor, had upon its face the marks of an erasure under the signature of Nickerson at the time when it was presented to the plaintiffs for discount, these facts constituted *primâ facie* evidence that the note had been altered after Loring's indorsement, and the plaintiffs were bound to inquire into the actual facts, and are affected with notice of them."

The judge refused so to rule, but ruled that although Smith signed the note as joint promisor, and his name was afterwards erased and put on the back, yet, that having been done before it became a valid, binding note by its sale to the plaintiffs, Loring was not thereby relieved of his liability; and that, in the absence of negligence on the part of the plaintiffs, they were not affected by the want of authority in Nickerson, as between himself and Loring, to issue the note.

The judge found that Loring never authorized the note to be issued except with the signature of J. G. Nickerson & Co. as promisors, and that the plaintiffs were not negligent in failing

to observe the form of the note or the erasure of Smith's name; and ordered judgment for the plaintiffs. The defendant Loring alleged exceptions.

*W. G. Russell & G. Putnam, Jr.*, for Loring.

*R. D. Smith*, for the plaintiffs.

GRAY, C. J.   Loring having indorsed the note in blank, and entrusted it to his clerk, with authority to deliver it to Nickerson upon his signing it with the name of his firm, was bound by the act of the clerk in delivering the note, in excess of his authority, to Nickerson before it had been signed by any one ; and stood just as if he had himself delivered it to Nickerson with a blank for the signature of the maker. *Putnam* v. *Sullivan*, 4 Mass. 45, 54. *Fearing* v. *Clark*, 16 Gray, 74. *Greenfield Savings Bank* v. *Stowell*, 123 Mass. 196, 199, 203.

The delivery of the note to Nickerson carried with it an implied authority to fill up this, like any other blank necessary to perfect the instrument, before issuing it ; and the note issued by Nickerson, signed by himself as maker, to one who took it in good faith, bound Loring as indorser thereof. *Russel* v. *Langstaffe*, 2 Doug. 514. *Violett* v. *Patton*, 5 Cranch, 142. *Angle* v. *Northwestern Ins. Co.* 92 U. S. 330.

The fact that Nickerson, after receiving the note and before issuing it, had obtained and afterwards erased the signature of Smith as an additional maker, did not as matter of law avoid the note ; because such erasure was no alteration of any contract that Loring ever made, for it neither altered the note as it was when Loring indorsed it, nor as it was when it first became available as a security.

The words in the body of the note, " we promise," did not make it less binding on a sole promisor. *Rice* v. *Gove*, 22 Pick. 158. *Holmes* v. *Sinclair*, 19 Ill. 71.

The form and appearance of the note were not material, except as bearing on the questions of fact of the knowledge and the negligence of the plaintiffs, both of which are concluded by the decision of the court below in their favor.

*Exceptions overruled.*