FRANK G. STILES, *et al.*, v. JAMES W. STEELE.

1. VERDICT, *When Directed by Trial Court.* Where the only defense to an action upon a promissory note is failure of consideration, and the testimony offered in behalf of the defendant has no tendency to establish that defense, or a proposition essential to the maintenance of the defense, it is the duty of the court to direct the jury to return a verdict for the plaintiff.

2. TITLE — *Opinion as Evidence.* The opinion of an attorney, regarding the title to a tract of land which he had examined, is not competent to show that the title claimed by one of the parties is imperfect.

*Error from Shawnee District Court.*

ACTION upon a promissory note. On November 11, 1885, a judgment for $307, and costs, was rendered for plaintiff *Steele.* The defendants, *Stiles* and *Manspeaker,* bring the case here. The opinion states the facts.

*L. J. Webb,* for plaintiffs in error.

*Case & Moss,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J. : This was an action to recover upon a promissory note executed on November 1, 1883, by Frank G. Stiles and W. W. Manspeaker in favor of Watson & Thrapp, for the sum of $250, payable in one day after date, with interest at twelve per cent. per annum. Prior to the commencement of the action the note was duly sold and transferred to the plaintiff, James W. Steele. The execution and delivery of the note were admitted, and the indorsement and sale were not questioned; but it was alleged by way of defense, that the note was given in pursuance of a contract whereby James W. Steele agreed to sell a tract of land to Francis L. Stiles for the sum of $10,000, and the note was given as a part of the purchase-price of the land sold. Among the terms stated in the agreement of sale were that the balance of the purchase-price should be paid within twenty days from the date of the agreement,

or as soon as the deed was signed and delivered, and an abstract furnished showing a clear title in Steele.   It was also conditioned that in case the title was not shown to be perfect, or the first party failed to deliver the deed upon demand, then the $250 paid on the purchase, and for which the promissory note in suit was given, should be refunded.   When the testimony was concluded, the court advised the jury that the defendants below had wholly failed to establish the defense set up, and directed a verdict in favor of the plaintiff for the amount shown to be due upon the note.   This ruling is the ground of error assigned for the reversal of the judgment.

If the testimony submitted had no tendency to establish the theory of the defense, or a proposition essential to the maintenance of the defense, it was the duty of the court to direct the verdict.   The defense was a failure of consideration because Steele had not a good title to the land agreed to be sold, and further, had failed to execute and deliver a sufficient deed to the proposed purchaser on demand.   It devolved on the plaintiffs in error to show the title of Steele to be imperfect, or that he refused on demand to convey the land. An abstract of title was furnished by Steele immediately after the agreement of sale was made.   This was taken by Stiles to attorneys for examination, and after obtaining their opinion with respect to the title he met and informed Steele that, judging from the opinion of his attorneys, he did not think the title was good.   For this reason he denied liability on the note, and refused payment.   The written opinion of his attorneys was offered in evidence, but as it was clearly incompetent to show imperfect title it was properly rejected by the court. Even in the opinion rejected, the attorneys certify that Steele appears to have a good title to the land.   They add, however, that in an early conveyance of the land the grantor was represented to be, and conveyed, as an unmarried man, while in conveyances of other land made at other times, the same grantor conveyed with another as his wife, and it is suggested that if he had a wife at the time the land in question was

conveyed, who is yet living, or had survived her husband, the title of Steele would be imperfect. The examiners, however, do not find or state that this grantor had a wife living when the conveyance first mentioned was executed and delivered. If, therefore, the opinion was competent and admissible, it furnished no proof militating against the title of Steele.

Taking all the testimony in the case, with all the inferences which the jury might properly draw from it, there was nothing to show that the title of Steele was not good. There was also an absolute failure of proof that Stiles demanded, and that Steele refused, the execution and delivery of a deed to the land. In that state of the case there was nothing to go to the jury, and hence no error in directing a verdict.

The judgment will be affirmed.

All the Justices concurring.