## R. H. McCormick v. Edward E. Holmes.

1. CASE-MADE—*Entire Evidence—Certificate.* A mere inference arising from the record in this case that there might have been other evidence introduced at the trial than that preserved in the case-made, will not outweigh the positive statement of the trial judge that it was all the evidence in the case.

2. NOTE—*Innocent Purchaser—Defense.* The maker of a negotiable promissory note cannot interpose the defense against an innocent purchaser for value before maturity, that the note was not delivered, when he allowed the payee to deposit it in a table drawer in a hotel, to be given to the landlord by his wife, to be held for both parties.

3. ———— *Burden of Proof.* It becomes immaterial upon whom the burden of proof rests when all the evidence concerning the transaction inquired into is introduced.

4. VERDICT, *Directed by Court.* Where there is no substantial evidence to authorize a verdict for a defendant in an action against him upon a negotiable promissory note, bought by plaintiff in good faith before maturity, it is not error for the court to direct a verdict for plaintiff for the full amount thereof.

*Error from Lyon District Court.*

THE opinion states the facts. Judgment for plaintiff *Holmes*, on January 22, 1887. The defendant brings the case here.

*Kellogg & Sedgwick*, for plaintiff in error.
*Gillett, Fowler & Sadler*, for defendant in error.

Opinion by HOLT, C.: The defendant in error suggests that the case-made fails to show that all the evidence introduced at

the trial is contained therein, and that the judgment should be affirmed for that reason. If he were correct in his claim, the judgment should be affirmed under the questions submitted for determination here. It is stated however in the case-made following the evidence: "And this was all the evidence in the case." The attention of some of the witnesses was called to a paper executed at the time the note sued upon was signed by the defendant; but there is nothing in the record to show that it was offered in evidence or read to the jury. It may have been the paper set forth in the answer, which was not denied under oath in the reply of plaintiff, and therefore admitted to be true; in any event, against any inference there was other evidence offered at the trial, we have the certificate that all the evidence is brought here. The positive statement of the trial judge must outweigh any mere inference that arises from the record in this case.

The defendant in error, as plaintiff, brought an action upon a promissory note for $320, signed by defendant on July 22, 1882, made payable to the order of M. H. Brown, and by him indorsed. The plaintiff claims to have bought the note in good faith before maturity; the defendant establishes by proof that the note was given by him to Brown as an earnest of good faith in a contract between himself and Brown to sell the right to put up a patent slat-wire fence in certain territory of Lyon and Chase counties. At the time of the giving of the note, the following contract was made:

"EMPORIA, KANSAS, July 22, 1882.— I hereby agree to cause the sale of five miles of my fence in the district controlled by R. H. McCormick, before September 1, 1882, with his assistance, or return all notes, papers, etc., to him.

B. B. BERNARD, per M. H. BROWN, *Gen. Agt.*"

The contract and note were put in an envelope; Brown and defendant took them to the Merchants' Hotel in Emporia to leave with the landlord; when they reached there he was absent, and Brown placed the package in a drawer of a table in the office of the hotel, and the landlord's wife said she would turn the envelope over to her husband. This was the

last the defendant saw of the note until it was produced in court.

Defendant claims there was no delivery of the note. We believe, under the evidence in this case, this defense cannot be interposed against plaintiff if he is the purchaser of the note in good faith before maturity. (*Whitmore v. Nickerson*, 125 Mass. 496; *Clarke v. Johnson*, 54 Ill. 296; *Burson v. Huntington*, 21 Mich. 415; *Angel v. Insurance Co.*, 92 U. S. 330; *Morris v. Morton*, 14 Neb. 359; Randolph on Commercial Paper, § 230; Daniel, Neg. Inst., § 854, *et seq.*)

On the 24th day of July, 1882, Brown brought the note to plaintiff for sale, and one given by Clarke, also payable to his order. He purchased the note against Clarke, but did not buy the one sued on, at that time. He told Brown that if he would get a statement from defendant that the note was all right he would buy it; Brown afterward produced a statement purporting to be that of defendant, and which plaintiff then believed to be genuine, but now conceded to be a forgery; plaintiff then bought the note, paying $250 therefor. Plaintiff testified — and it is all the positive testimony on that subject — that he had no knowledge when he bought the note of the transaction out of which it was given other than what appeared from the face of the note and the statements of Brown; and he says the only reason he wanted a statement from the defendant was that one Griffith had told him "that defendant would pay what he promised to, though he owned but eighty acres of land;" "that he might not be legally good, but was really good for all he said he would pay." After the introduction of all the testimony at the trial, the court, over the objection of the defendant, instructed the jury as follows:

"This case has been tried three times. The evidence has been the same every time. I have felt the necessity of setting aside two verdicts because I did not agree with the jury, and I will take the responsibility now of ordering a verdict."

He then directed the jury to ascertain the amount of the note, and return a verdict therefor for plaintiff.

The defendant urges that the burden of proving the plain-

tiff bought the note in good faith was upon him. It is immaterial where the burden of proof belongs as an abstract matter of law, when all the evidence of the transaction has been introduced, and it establishes that the note was purchased in good faith, and without notice of any facts that would have led the plaintiff to a knowledge of the consideration of the note. If there was no substantial testimony from which the jury could have found a verdict for defendant, then the direction of the court to find for plaintiff was correct. There is nothing in the testimony that would indicate that at the time of his purchase of the note he knew, or had any intimation even, that there was a failure of consideration, or that there was not an ordinary delivery of the same by the defendant to the payee. He did find out afterward that Brown was obtaining notes by dishonest methods, and then refused to buy any other notes of him; but that knowledge came to him first several days after he purchased this one.

Under the evidence, we think the instruction of the court ordering a verdict for the plaintiff was correct. He was an innocent purchaser of the note for value before maturity, and the defenses that might have been set up against the original payee of the note could not avail against one who purchased it in good faith. We recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.