JOHN T. DEETS v. THE NATIONAL BANK OF PITTSBURG.

#### No. 8794.

1. VERDICT DIRECTED— *not error, when evidence all in plaintiff's favor and sufficient.* Under the evidence adduced in this case the Court did not err in directing a verdict for the plaintiff.

2. ———— *in replevin, orally instructing jury to find value of property and interest not reversible error.* Where the Court is duly requested to instruct the jury in writing, and it is necessary that any rule of law be stated to them by the Court for their guidance in arriving at a verdict, it is the duty of the Court to give its instructions in writing; but where a verdict for the recovery of specific personal property is rightly directed, and the jury are told to find the value of the property at the time it was taken from the possession of the successful party, and add interest from the date of the taking to the rendition of the verdict, and no further or different instruction is asked, and where it does not appear that counsel trying the case, or the jury, could have misunderstood the direction given, or that it was erroneous in any particular, the judgment will not be reversed merely because the instructions were not reduced to writing.

*Error from Crawford District Court.*
*Hon. J. S. West, Judge.*

AFFIRMED.                    OPINION FILED OCTOBER 10, 1896.

*J. B. Ziegler,* for plaintiff in error.

*Morris Cliggitt,* for defendant in error.

ALLEN, J. The plaintiff in error, as Sheriff of Craw-ford County, levied certain attachments on a stock of merchandise in Pittsburg as the property of C. A. Pat-mor. The Bank brought this action to recover the property, claiming it under a chattel mortgage given to secure divers notes aggregating $8,302.67. The Sheriff answered, justifying his possession of the prop-erty under the attachments, and alleging generally that the mortgage was fraudulent. After the conclu-sion of the testimony the Court instructed the jury to find for the plaintiff, and to determine the value of the plaintiff's right of possession at the time the property was taken by the Sheriff and add six per cent. interest from that date. Prior to the commencement of the trial, both parties had requested the Court to instruct the jury in writing. This was not done, and the defendant excepted to the giving of oral instructions. It is in-sisted by the plaintiff in error that there was evidence of fraud which should have been submitted to the jury, and that the statute gives a party an absolute right to have the instructions in writing when he so requests ; that the Court erred in taking the main case away from the jury, and also erred in orally giving instructions as to the measure of damages after hav-ing been requested to instruct in writing.

We have carefully read all the testimony, and find nothing indicating fraud on the part of the Bank

19—57 KAN.

There is no question as to the validity of the indebtedness to the Bank, nor is it clear that all of the security taken is sufficient to pay the debt. The only question which the jury were required to determine for themselves, under the testimony, was the value of the goods in controversy. With reference to this they were told, in substance, to find the value of the plaintiff's right of possession at the time they were taken. This, of course, could not exceed the value of the property, and, as the value found was much less than the balance still due the plaintiff under its mortgage, the instruction was clearly correct.

It was doubtless error for the Court to refuse to instruct in writing on any proposition of law necessary for the guidance of the jury, but we are only authorized to reverse when errors committed by the trial court affect the substantial rights of a party. § 140, Code. Unless we can see that the defendant might have been prejudiced by the action of the

2. Orally instructing jury to find value of property and interest not reversible error.

Court we cannot reverse because the Court refused to comply with the defendant's request to instruct in writing. *Street Rly. Co. v. Stone*, 54 Kan. 83. Even in criminal cases an oral direction by the judge to the jury with reference to their conduct will not necessarily compel a reversal of the judgment. *The State v. Garrett*, ante, p. 132. We are clearly of the opinion that where all the evidence offered is favorable to one party, and is sufficient to require a verdict in his favor, the court may orally give such direction. Where it is necessary to instruct with reference to the measure of damages, if duly requested so to do, the instructions ought to be reduced to writing before they are given; but, unless there is some question as to the correctness of the rule declared by the court, or

Insurance C). v. Payne.

some doubt as to whether the rule announced could have been misunderstood by the counsel who argued the case, or by the jury, we do not think the error committed by instructing orally can fairly be said to be one affecting the substantial rights of a party. In this case there could hardly have been more room for misapprehending the instruction given with reference to the measure of damages than with reference to the party entitled to recover. The jury were told to find the value of the property, and to add thereto interest from the time of the taking to the date of their verdict. No request was made for any further or different instructions, and none appear to have been necessary. The verdict actually returned was much less than might have been found under the evidence, and there is nothing indicating mistake or unfairness on the part of the jury. Under these circumstances it seems to us that substantial justice requires us to permit the verdict to stand rather than to prolong the litigation by granting a new trial.

The judgment is affirmed.

All the Justices concurring.