MILLER R. IRWIN v. ARTHUR W. DOLE.

No. 349.

PRACTICE—*No Substantial Evidence — Peremptory Instruction.* Where the evidence on behalf of the plaintiff is sufficient to prove his cause of action and there is no substantial evidence offered by the defendant upon the material issue in the case, it is not error for the trial court to instruct the jury to return a verdict for the plaintiff.

Error from Brown district court; J. F. THOMPSON, judge. Opinion filed April 8, 1898. Affirmed.

The defendant in error, as plaintiff below, brought an action in the district court of Brown county upon

a promissory note executed by the plaintiff in error, payable to the order of Louis E. Parker, and indorsed by him to Arthur W. Dole, the defendant in error. The case was tried to a jury. The court instructed the jury to return a verdict for the plaintiff, which was done.

*Robert T. Herrick*, for plaintiff in error.

*James Falloon*, for defendant in error.

The opinion of the court was delivered by

WELLS, J. : The plaintiff in error contends that there was substantial evidence introduced tending to show, *first*, that the note sued on had been materially altered by a change of the date of payment from the 1st day of March, 1890, to the 1st day of March, 1892 ; *second*, that the note was not delivered to the payee, but was placed in escrow, taken therefrom without authority, and transferred to the holder. From the decision in the case of *McCormick v. Holmes*, 41 Kan. 265 (21 Pac. Rep. 108), the question of escrow seems to be immaterial, and the only question before us is, Was there evidence of the alteration of the note after its execution which should have been submitted to the jury? This is a close question. The evidence is against the claim ; and, had it been submitted to the jury, and had they found in favor of the claim, it would have been the imperative duty of the court to set aside the verdict. The instruction to the jury in this case is the same in principle as sustaining a demurrer to the evidence, and the supreme court has uniformly held that, where there is any evidence to support the contention, the question should be submitted to the jury.

In *Brown, Adm'r, v. A. T. & S. F. Rld. Co.*, 31 Kan.

16 (1 Pac. Rep. 610), the court says: "A new trial may be granted upon evidence that would not authorize the sustaining of a demurrer to the evidence. And this is right, for a new trial gives the parties another opportunity to make out a good case; but a decision sustaining a demurrer to the evidence is final."

What is meant by "evidence," "some evidence," or "any evidence," such as entitles the party offering it to the verdict of the jury thereon? In the case last cited, VALENTINE, J., says (p. 14):

"When we say *some* evidence, we do not mean that there was merely a bare scintilla of evidence, but we mean that there was an amount of evidence worthy of consideration, and an amount of evidence that would have entitled the plaintiff to a verdict in his favor if all the contradictory and conflicting evidence should not be considered or should not be believed by the jury."

Under this rule, we do not think there was any such evidence in this case as required the judgment of the jury thereon.

The judgment of the court below will be affirmed.