W. F. SHALE, *as Trustee, etc., Appellee*, v. THE FARMERS BANK OF MORRILL, *Appellant*.

No. 16,559.

SYLLABUS BY THE COURT.

BANKRUPTCY—*Preferential Payment—Proof.* In an action by the trustee of a bankrupt to recover a payment as a preference, where it appeared by the undisputed facts that the creditor had reasonable cause to believe that the debtor was insolvent and intended a preference, *held* not error to direct. a verdict in favor of the plaintiff.

Appeal from Brown district court; WILLIAM I. STUART, judge. Opinion filed June 11, 1910. Affirmed.

*James Falloon*, for the appellant.

*F. M. Pearl*, and *Means & Archer*, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The trustee of a bankrupt sued to recover a sum of money paid to the defendant by the bankrupt, which the plaintiff claimed constituted a preference under the bankrupt law. At the close of the

testimony the court directed a verdict for the plaintiff, which is the error complained of.

There was no real dispute as to the facts. Roy Summerfelt was indebted to the bank on two promissory notes, aggregating $700.56. Neither of the notes was due. To secure one of them the bank had held for several months a chattel mortgage on his stock of merchandise at Morrill, in Brown county. The mortgage was not recorded and the stock remained in the possession of Summerfelt. His business was not prosperous. About twenty-five wholesale houses and jobbers who were his creditors had within the past few months made sight drafts upon him through the defendant bank, all of which were returned by the bank unpaid. Four of these drafts were in the hands of the bank at the time the payment in controversy was made. On the 21st day of July, 1906, Summerfelt sold his stock to one Fletcher for the sum of $1750. The cashier of the bank had a talk with Fletcher before the sale was completed, and got him to consent that the deal should be closed at the bank because the bank claimed a lien on the stock. The day the sale was made Fletcher and Summerfelt started to Hiawatha to examine the records. The cashier saw them and called Fletcher into the bank and insisted that the matter be settled there, and that the bank should be paid. The settlement was made in the bank by Fletcher giving Summerfelt his check for $1750, which Summerfelt deposited to his credit, and he immediately gave his check to the bank for the amount of the two notes.

Although the cashier testified that he had no information that Summerfelt was in failing circumstances, and that he did not insist upon the payment of the notes for fear someone else would be paid and the bank would not be able to collect its notes, there was no denial of the facts, from which it appeared that the bank not only had reasonable cause to believe that it was obtain-

ing a preference but demanded and accepted the payment with that intention. The testimony of the cashier shows that he knew Summerfelt was being pressed by his creditors; that the stock was being sold at 80 or 85 cents on the dollar, and that Summerfelt was going out of business; that he had heard that Summerfelt was in trouble of such a character that it might involve the latter financially. The notes which the bank demanded payment of were neither of them due. The bank was familiar with the debtor's business and knew that he was dealing with a large number of wholesale houses whose drafts he habitually returned unpaid. It knew that at this time it held unpaid drafts in its hands for collection, and it did not demand the payment of these until after it had received payment of its own unmatured notes.

Conceding that a bank has the right to set-off a depositor's account against a matured indebtedness due the bank, it appears that in this case the payment was not made by the bank applying the depositor's account to the payment, but by a check which it had required the bankrupt to give in payment of notes not due. A payment under somewhat similar circumstances was held to constitute a preference in *Ridge Ave. Bank v. Studheim*, 145 Fed. 798. To the same effect is *Irish v. Citizens' Trust Co.*, 163 Fed. 880, where it was held that a bank can not charge a debtor's account or receive a check in payment of a note it holds, which is not yet due, without constituting a preference under the bankruptcy law.

The mere statement of the cashier that he did not believe that Summerfelt was in failing circumstances did not require that the case should be submitted to the jury, in view of the undisputed facts. Proof of actual knowledge or actual belief on the part of the officers of the bank was not required. To constitute a preference it is only necessary to show that the creditor had reasonable cause to believe that a preference was intended.

(Collier, Bankr., 7th ed., p. 666, par. 2.)    Conceding,. therefore, to all the evidence offered by the defendant. the greatest probative force to which it is fairly entitled, it is apparent that it would have been an idle ceremony to submit the case to the jury merely because the officers of the bank denied knowledge of the failing condition of the bankrupt, when the undisputed facts. and circumstances in the case showed such knowledge and reasonable cause for believing that a preference was intended.

The judgment is affirmed.