J. A. WATKINS, *as Surviving Partner, etc., Appellee,*
v. SCHOOL DISTRICT NO. 104 OF CRAWFORD COUNTY,
*Appellant.*

No. 17,246.

SYLLABUS BY THE COURT.

1. CONTRACTS—*School Board—Extra Work—Evidence.* In an
action to recover for extra work and material the petition al-
leged that the basement of the building in question was made
one foot and four inches deeper than called for by the plans
and specifications. A blue print called "plans" was offered
in evidence, the witness stating that this was the plan on
which he made the bid and by which he worked, and after-
wards that the basement was made three feet deeper than
called for by the blue print. An objection to this blue print
on the ground that it was incompetent, irrelevant and imma-
terial, no proper foundation being laid, was overruled: *Held,*
that as it did not appear whether any other portion of the
plans and specifications had reference to the basement, and
as the defendants might have required the production of them
all, the ruling was proper.

2. EVIDENCE — *Demurrer — Directing Verdict.* When the evi-
dence shows without dispute that the plaintiff is entitled to
recover and the defendant elects to stand upon a demurrer to
the evidence, *held,* that it is proper to direct a verdict for the
plaintiff.

3. CONTRACTS — *Extra Work — Ratification by School Board.*
When a school district, through its board, contracts for the
erection of a building and one of the board directs the base-
ment to be made deeper than called for by the plans and speci-
fications, assenting to a suggestion by the workman that such
work will have to be paid for and the different members of
the board are upon the work from day to day overseeing and
watching the same, and the building with the basement so
deepened is accepted and used for a year or more by the dis-
trict for school purposes, *held,* that the district is liable for
the reasonable value of such extra work although no contract
was made therefor by the board in session.

Appeal from Crawford district court. Opinion filed
November 11, 1911. Affirmed.

*J. P. Curran, A. J. Curran,* and *C. S. Denison,* for the appellant.

*C. O. Pingry,* for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued to recover for extra work and material performed and furnished in the construction of a school building. The contract price was $11,600. He alleged that the contract was to erect a building according to certain plans and specifications; that the plans required and provided that the basement be made three feet below the grade line; that the defendant by its district board verbally ordered and requested that the basement be made four feet and four inches below the grade line, which was one foot and four inches deeper than the plans and specifications provided for; that the amount of the original contract and changes, alterations and extra work and material had been paid for except the work and material necessary to make this change in the depth of the basement. The answer denied the indebtedness and sought to recover for certain material sold to plaintiff. Upon the trial the plaintiff offered in evidence a plan or blue print, the witness stating: "This is the plans they gave me in the construction of the building out there." Upon which the abstract shows that "plaintiff offers blue print in evidence (plans). Defendant objects to the introduction, no proper foundation having been laid." The witness then stated that this plan was signed by the secretary of the school board and was one of the plans under which he worked in the construction of the building and one of the plans given him to bid on. He again offered the blue print in evidence, to which defendant objected as incompetent, irrelevant and immaterial, no proper foundation having been laid. The objection was overruled. At the close of the plaintiff's evidence a demurrer thereto was overruled and the defendant elected to stand upon the demurrer,

whereupon the court instructed the jury to return a verdict for the plaintiff, which was done. The defendant appeals, and assigns as the principal errors the admission of the blue print in evidence, the ruling on the demurrer and the instruction to find for plaintiff.

The defendant's contention is that as the petition alleged that the basement was made deeper than required by the plans and specifications, it was indispensable to produce such plans and specifications before it would be possible to show that the work sued for was extra, and that the blue print was only one portion of the plans and was no part of the specifications, and therefore was by itself incompetent. After its introduction the witness testified that for the foundation the excavation made in the basement was one foot and four inches deeper than called for by the blue print. It is difficult to tell what was actually offered in evidence, whether one of a duplicate set of plans or simply a blue print taken from a number. Neither does it appear whether the specifications had reference to the depth of the basement or whether this was indicated alone by the blue print in question. On these matters the record does not enlighten us. From the description given by the witness it would seem that the paper offered indicated by itself the depth of the basement, so that it was unnecessary to introduce plans and specifications for other parts of the building which would have no direct reference to the basement walls. But even if these should have been put in evidence, if consisting of different papers it would be as competent to introduce one at a time as all together, and if separate the offer of one could hardly be denied for the reason that all the others were not offered along with it. Doubtless the defendant might have compelled the production of the entire plans and specifications, but that fact would not render the blue print in question incompetent, irrelevant or immaterial, or without proper foundation. If the contract was to be performed according to the

plans and specifications, and if, as alleged, the work sued for was ordered in addition to that called for by such plans and specifications, this was essential to be shown by proper testimony, but we are unable to ascertain and determine from the record before us that the blue print in question did not contain all the requirements concerning the basement which could be found anywhere in the plans and specifications. The expression of the witness that the basement was made "deeper than they called for by the blue print" would indicate at least that the blue print was the particular part of the plans and specifications fixing the depth of the basement. On cross-examination the witness testified that the plans handed to him in the shape of a blue print were the plans referred to in his contract, that aside from that and as a part of the contract there were some specifications in typewritten form which were used along with the plans, but no attempt was made to have these specifications put in evidence. On redirect examination the witness again stated that "instead of putting down those three feet, as called for by the plans, I put it down four feet four inches below grade line." Another witness testified that while upon the work he told one of the members of the board that the trench was down to the contract depth and was directed to go deeper. It is argued that until the entire plans and specifications were shown the plaintiff had no right to claim for extra work upon *quantum meruit*. It was his duty to show in some proper way the depth required by the contract he had made and that the work sued for had been done in the deepening of the basement below the line thus called for. If the plans or the portion of the plans actually produced showed the contract depth, then it can hardly be assumed that the specifications would have shown a different depth; and while it would have been proper and better to have produced the entire plans and specifications in evidence, still the portion which was offered, from the

description found in the record, appears to have been competent.

When the plaintiff's evidence was closed the trial court held that he had made out a case and therefore overruled the defendant's demurrer. So far as the evidence already discussed is concerned, there was no error in overruling the demurrer. It is insisted, however, that aside from this the testimony failed to show any binding obligation upon the district to pay for extra work, for the reason that no contract with the board in session was made. This is true, and the question remains whether under the facts shown the district is bound by ratification and estoppel. It appears from the evidence that one or two members of the board directed the extra work to be done, that some member. or members of the board were upon the grounds practically every day watching or overseeing the progress of the work, and that the completed building, including the extra work sued for, was accepted and had been used as a school building for a year or more.. It was also admitted that the building was turned over by the contractor to the school board and by it used for school purposes ever since. Numerous authorities are cited in support of the proposition that a binding contract with the officers of a school board district can be made only when they are in session. Notwithstanding this rule, a district may be required to pay the value of material received by it when it has knowingly permitted it to be furnished and has received and used the same and enjoyed its benefits, and this was the attitude of the defendant appearing from the evidence. (*Sullivan v. School District,* 39 Kan. 347, 18 Pac. 287; *School District v. Sullivan,* 48 Kan. 624, 29 Pac. 1141; *Furniture Co. v. School District,* 50 Kan. 727, 32 Pac. 368; *Mound City v. Snoddy,* 53 Kan. 126, 35 Pac. 1112.)

The evidence being sufficient to warrant a verdict for the plaintiff the demurrer thereto was properly

overruled, and as the defendant elected to stand on the demurrer it was within the province of the court to direct a verdict. (*Stiles v. Steele,* 37 Kan. 552, 15 Pac. 561; *McCormick v. Holmes,* 41 Kan. 265, 21 Pac. 108; *Hillis v. National Bank,* 57 Kan. 420, 46 Pac. 708; *Deets v. National Bank,* 57 Kan. 288, 46 Pac. 306; *Shale v. Bank,* 82 Kan. 649, 109 Pac. 408.)

Under the circumstances suggested upon argument and shown by the record we do not deem it necessary to discuss the argument of the demurrer in the court below or the failure to argue the same.

Finding no material error the judgment is affirmed.