No. 22,826.

THE REDFIELD STATE BANK, *Appellee*, V. C. C. MYRICK AND
HARRIET Z. HUGHES, *Appellants*.

### SYLLABUS BY THE COURT.

1. PROMISSORY NOTE — *In Hands of Indorsee — Original Payee Not a
Necessary Party Defendant.* Under section 38 of the civil code (Gen.
Stat. 1915, § 6928), it is the privilege of a plaintiff holder of a promis-
sory note to sue any or all of the persons severally liable thereon,
and it is not error to overrule the defendants' motion that the original
payee be made a party defendant in the action.

2. SAME—*No Defense Shown—Verdict Properly Directed.* The rule fol-
lowed that in an action on a promissory note, when the plaintiff has
completely established his cause of action as a holder in due course
before maturity, and the defendants submit no evidence to the con-
trary, it is proper for the trial court to instruct the jury to return a
verdict for the plaintiff.

3. SAME—*Holder in Due Course—Alleged Alteration of Note.* Where a
holder in due course seeks to enforce a negotiable promissory note
against the makers, and an issue arises as to whether the note was
altered after its execution, the holder, not being a party to the alleged
alteration, may waive all controversy on such point and enforce pay-
ment thereof "according to its original tenor," under authority of the
statute. (Gen. Stat. 1915, § 6652.)

4. SAME — *Matters of Defense — Excluded Evidence Not Produced on
Motion for New Trial.* Matters of defense, even if competent, which
were sought to be developed by questions to witnesses, but which were
ruled out by the trial court, furnish no basis for reversible error un-
less the evidence thus excluded is presented to the trial court in sup-
port of a motion for a new trial.

Appeal from Bourbon district court; EDWARD C. GATES,
judge. Opinion filed January 8, 1921. Affirmed.

*J. I. Sheppard,* and *James G. Sheppard,* both of Fort Scott,
for the appellants.

*A. M. Keene,* and *R. B. Campbell,* both of Fort Scott, for
the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action on a promissory note
transferred by indorsement to the plaintiff before maturity.

The defendants moved to have the original payee made a party. This was denied.

The defendants then answered, alleging that the plaintiff was not the real party in interest, and not a holder in due course nor before maturity. The answer then narrated at length the defendants' purchase of a tractor from the original payee, giving their promissory note in payment therefor, and that the payee had warranted the tractor, and had agreed to return the note to defendants if it was not satisfactory, and that the tractor was not as represented and warranted, and was unsatisfactory and had been returned to the payee. Defendants further alleged that these matters were well known to the plaintiff before it acquired the note, and that the original payee was still the owner of the note; and that plaintiff was merely suing for the payee to cut off just defenses to it.

A jury was empanelled, and the plaintiff's evidence tended to show that the plaintiff bank acquired the note in the usual course of business and before maturity. It was shown that the payee's account in the bank was overdrawn sometime between the making and maturity of the note, and that the payee had indorsed it and other notes to the bank and had received due credit therefor.

The defendants' evidence covered the purchase of the tractor and their giving of the note in payment therefor. Questions by defendants were asked of the witnesses, seeking to develop the fact that one of the defendants had told the payee that he was going to return the tractor, that he inquired if the payee had the note, and told the payee to keep it because he wanted it when he returned the tractor, and that the payee had said on that occasion (after its alleged indorsement to the bank) that he was still the owner of the note. Objections to all these questions were sustained.

An issue was also raised at the trial as to whether the note given by the makers was for $1,425 or $1,400. It was written out in plain words, "Fourteen Hundred & Twenty Five Dollars," but on the right-hand margin, in figures, it was originally written for $1,400 and then changed to $1,425. To terminate all dispute on that point, the plaintiff remitted the $25, and thereupon the court instructed the jury to return a verdict for plaintiff.

Defendants appeal.

They base error in the overruling of their motion to make the original payee a party defendant. But the code authorizes the holder of commercial paper to sue any or all of the parties liable on the same instrument, "at the option of the plaintiff" (Civ. Code, § 38, Gen. Stat. 1915, § 6928) ; and aside from defendants' allegations that the plaintiff was not the holder of the note in due course and had not acquired it before maturity the matters pleaded were not a defense to the note as against the plaintiff. Consequently no error transpired in overruling the motion to bring in the original payee. (*Kirkpatrick v. Gray,* 43 Kan. 434, 23 Pac. 633; *Francis v. First Nat. Bank of Eufaula,* 40 Okla. 267; *Fidelity & Deposit Co. v. N. S. Sherman M. & I. Works,* 62 Okla. 29.)

The next error is based on the instructed verdict. Plaintiff's evidence established its *prima facie* cause of action completely, and no evidence adduced by defendants impaired that cause of action in the slightest degree; there was no testimony of any sort to support their allegations that the bank was not a holder in due course, nor that it acquired the note after maturity; and when the plaintiff in writing remitted the $25 in dispute, an instructed verdict was proper. (*Fort Scott Coal Co. v. Sweeney,* 15 Kan. 244; *Snider v. Koehler,* 17 Kan. 432; *Stiles v. Steele,* 37 Kan. 552, 15 Pac. 561; *McCormick v. Holmes,* 41 Kan. 265, 21 Pac. 108; *MacRitchie v. Johnson,* 49 Kan. 321, 30 Pac. 477; *Hillis v. National Bank,* 54 Kan. 421, 38 Pac. 565; *Deets v. National Bank,* 57 Kan. 288, 46 Pac. 306; *Shale v. Bank,* 82 Kan. 649, 109 Pac. 408; *Watkins v. School District,* 85 Kan. 760, 118 Pac. 1069.)

As to the alteration of the figures ($1400 to $1425) on the margin of the note, it is very doubtful if that was a material alteration, as the amount due, "Fourteen Hundred and Twenty Five Dollars," was plainly written out in the body of the instrument and there was no alteration there. In 2 Cyc. 196, it is said:

"The general rule applies, however, that changes in this regard which in no manner alter the identity or legal effect of the instrument are not material, as where the change is in the marginal numerals, which form no part of the instrument, leaving the amount expressed in the body of the instrument intact, or where the insertion merely makes the instrument conform with itself and supplies nothing further than that which would be implied without it."

(See, also, 2 C. J. 1197; 1 R. C. L. 980.)

Be that as it may, the note being in the hands of a holder in due course and who was not a party to the alteration was properly enforced against the makers "according to its original tenor." (Gen. Stat. 1915, § 6652.)

Defendants also complain because they were not permitted to prove the circumstances under which the note was given, and the warranties and representations which were made by the payee. Those matters were clearly incompetent, unless the defendants could also establish that the holder had notice of some infirmity or of defective title. (*Ireland v. Shore,* 91 Kan. 326, 329, 137 Pac. 926.) Indeed, the alleged conversation between one of the defendants and the original payee, about the return of the tractor and the latter's admission that he still owned the note, when the holder was not present thereat, was likewise incompetent and properly excluded. Moreover, we do not know what answers would have been made to the questions touching such conversation, for this excluded evidence was not produced in support of the motion for a new trial, and consequently no error can be based thereon. (*Scott v. King,* 96 Kan. 561, 152 Pac. 653; *Elliott v. Oil Co.,* 106 Kan. 248, 251, 187 Pac. 692.)

The judgment is affirmed.