No. 27,348.

THE KANSAS WHEAT GROWERS ASSOCIATION, *Appellee,*
v. ZACK GOERING, *Appellant.*

SYLLABUS BY THE COURT.

1. JURIES—*Right to Trial by Jury—Denial Nonprejudicial Where Complaining Party's Testimony Establishes Fact.* In an action for the recovery of money only, based upon an alleged breach of contract, or for damages, the defendant's demand for a jury trial was inviolate; and where such demand was denied, no part of a judgment entered against him resting upon plaintiff's evidence which might have been discredited by a jury will be permitted to stand; but where defendant's own testimony established plaintiff's cause of action so clearly as to require a directed verdict for plaintiff if a jury trial had been granted, the denial of a jury trial in the first instance did not result in prejudicial error.

2. TRIAL—*Admission of Evidence—Improper Evidence Not Affecting Judgment.* Prejudicial error cannot be based upon testimony which neither entered into nor affected the trial court's judgment nor that judgment as modified by this court.

3. SAME—*Findings—Sufficiency of Evidence—Testimony of Complaining Party.* So far as a finding of fact in plaintiff's favor was based upon the testimony of the defendant himself, he cannot contend that the finding lacked support in the evidence.

4. AGRICULTURE—*Coöperative Marketing Associations—Subscription to Modified Agreement Binding.* Where a coöperative marketing agreement of wheat growers was later modified and defendant subscribed thereto he was bound by the agreement and the modification thereof.

5. STATUTES—*General and Special Laws—Act Authorizing Coöperative Marketing Associations.* Chapter 148 of the Laws of 1921, R. S. 17-1601 et seq., which authorizes groups of twenty or more persons engaged in growing agricultural products to organize coöperative marketing associations and confers corporate powers on such associations, does not violate the uniformity clause of the state constitution nor does it violate the constitutional inhibition against the granting of corporate powers by a special act.

Appeal from Reno district court; DON SHAFFER, judge *pro tem.* Opinion filed May 7, 1927. Modified.

*Aaron Coleman,* of Hutchinson, for the appellant.

*T. A. Noftzger, George W. Cox, W. J. Masemore, Robert L. NeSmith,* all

Agriculture, 2 C. J. p. 998 n. 31 new. Appeal and Error, 4 C. J. pp. 716 n. 7 new, 950 n. 69, 969 n. 56. Juries, 35 C. J. pp. 157 n. 19, 226 n. 32. Monopolies, 25 A. L. R. 1113, 33 A. L. R. 247; 19 R. C. L. 194.

of Wichita, *A. C. Malloy, R. C. Davis* and *W. H. White*, all of Hutchinson, for the appellee.

The opinion of the court was delivered by

DAWSON, J.:   The plaintiff is a coöperative association organized for the purpose of marketing wheat and kindred objects.

The defendant is a Reno county farmer and wheat grower.

In May, 1921, defendant entered into a written agreement to deliver to plaintiff for marketing all the wheat grown by him or received by him as landlord during the crop years of 1921 to 1925, inclusive, except whatever amount defendant should require to withhold from sale for feed and seed.  By the terms of this contract defendant also agreed that during the five-year term he would pay to the plaintiff association the sum of twenty-five cents per bushel for whatever quantity of wheat he might sell without the use of the coöperative marketing services provided by plaintiff in reliance upon its contract with defendant and similar contracts with other farmers.

In breach of this contract defendant did sell a large quantity of wheat, and plaintiff brought this action, alleging the facts and praying judgment according to the terms of the contract.  Issues were joined; defendant's demand for a jury was denied; his demurrer to plaintiff's evidence was overruled; defendant adduced no evidence in his own defense but testified as a witness in plaintiff's behalf; and the trial court made findings of fact and conclusions of law in favor of plaintiff and rendered judgment accordingly.

Defendant appeals, assigning several errors, one of which pertains to the denial of a jury trial.  Addressing ourselves first to this point, it should go without saying that in an action at law for the recovery of money on a contractual obligation or as damages for breach of contract a jury trial was demandable as a matter of constitutional and statutory right if any material issue of disputed fact was involved therein.  If none such did arise, then, of course, no prejudicial error did occur.  A determination of this point requires a résumé of the evidence.

The contract was offered in evidence and upon the admission of defendant's counsel that it bore defendant's signature it was admitted without objection.

Plaintiff called as a witness one John McCaffery, a grain dealer,

who testified that defendant sold and delivered to him quantities of wheat as follows:

In 1923......................................... 18 bu. 30 lbs.
In 1924......................................... 1,133 bu. 40 lbs.
In 1925......................................... 228 bu. 30 lbs.
In 1925 (additional)............................ 262 bu.

(The last item was sold after this action was begun.)

Another witness for plaintiff, J. T. Billington, testified that in 1925 defendant told him he had delivered wheat one year to the plaintiff association and "they lost him money and he quit," and so he "sold his wheat on the market."

A third witness for plaintiff, L. D. Crow, testified that he bought wheat from defendant as follows:

In 1924......................................... 55 bu. 50 lbs.
In 1925......................................... 228 bu.

The defendant himself, called as a witness for plaintiff, testified:

"Q. How much wheat did you raise in 1925? . . . A. Just about 1,200 bushels. I kept about 150 bushels for seed, around 25 bushels for chicken feed, and sold the rest of it. I am talking about the crop of 1924—the crop harvested in 1924. I did not sell any for seed. In 1925 I raised about 600 bushels, used around 100 bushels for seed, and sold the rest, about 500 bushels. Did not sell any for seed. Do not know what I raised in 1923. It might be around 700 or 800 bushels; used probably 150 bushels for seed. Sold the balance. Did not sell any for seed."

The trial court found—

"2. . . . That the defendant, Zack Goering, sold and delivered during the following years, the following amounts of wheat, to wit: In 1923, 600 bushels; in 1924, 1,189 bushels and 30 pounds; in 1925, 456 bushels and 30 pounds, making a total of 2,246 bushels. That all of the said wheat was sold and delivered to others than plaintiff association in violation of said defendant's contract with the association above referred to. That the above total of 2,246 bushels does not include 262 bushels sold and delivered since this suit was filed."

On this finding of fact the trial court made a computation: 2,246 bushels at 25 cents per bushel, $559.25 [$561.50], for which sum and for an attorney's fee and costs judgment was entered in plaintiff's behalf.

Noting critically the finding of fact on which the judgment was predicated it is obvious that its rests partly upon the testimony of plaintiff's witnesses, McCaffey, Billington and Crow. Defendant was not bound by their testimony nor bound by the credence which the trial court chose to attach to it. A jury might have rejected their testimony as utterly untrustworthy; and since their testimony

went to the merits of the action, defendant's right to a jury trial was inviolate. (Const., Bill of Rights, § 5; R. S. 60-2903; *Clemenson v. Chandler et al.,* 4 Kan. 558.) As a consequence of the denial of a jury trial, the testimony of these witnesses furnishes no basis for the finding of fact touching the number of bushels sold by defendant. However, for the years 1923, 1924 and 1925, we have the defendant's own testimony touching the quantities of wheat raised by him in each of these years, his own estimates of the quantities withheld from market for feed and seed, and the quantities he sold and marketed, viz.:

In 1923, 700 bushels to 800 bushels raised [750 bushels fair approximation]; 150 bushels retained for seed; balance 600 bushels sold and marketed by defendant.

In 1924, 1,200 bushels raised; 175 bushels retained for feed and seed; balance 1,025 bushels sold and marketed by defendant.

In 1925, 600 bushels raised; 100 bushels retained for seed; balance 500 bushels sold.

These sales totaled 2,125 bushels, which defendant admits he sold and marketed in breach of his agreement with plaintiff. If a jury had been called, it would—and properly should—have been instructed that even if the jurors wholly disbelieved the testimony of plaintiff's other witnesses they should return a verdict for plaintiff for 2,125 times 25 cents, or $531.25. (*Watkins v. School District,* 85 Kan. 760, 118 Pac. 1069; *Bank v. Myrick,* 108 Kan. 191, 193, 194 Pac. 648.) By modifying the judgment for plaintiff to conform with defendant's own testimony, the error in denying a jury trial will be effectively corrected without subjecting the parties to the annoyance and expense of a new trial. The civil code authorizes this court to correct such errors in this manner where, as here, it is practicable to do so. (Civ. Code, § 581; R. S. 60-3317.)

It is next contended that error was committed in admitting testimony concerning the sale of 262 bushels of wheat after the action was begun. The point is immaterial, since no allowance therefor was made by the trial court nor will this item be included in this court's correction of the judgment. The plaintiff urges that the item should now be taken into account and the judgment corrected accordingly, but that cannot be done because the only testimony of the fact was by a witness whom a jury might have disbelieved. Besides, we have no cross appeal here which would warrant our doing so.

It is next argued that there was no competent evidence on which the trial court could properly find that defendant had sold wheat in violation of his contract with plaintiff. The contract was in evidence; defendant's signature thereto was admitted; defendant's own testimony supplied the fact of his sales of wheat in breach of his contract with plaintiff, so the point contended for is devoid of merit.

Another error is argued which goes to the terms of the contract itself. Originally the plaintiff's marketing association planned to organize sufficient wheat growers to represent a productive aggregate of 51 million bushels of wheat, but experience demonstrated that such an ambitious undertaking would have to be deferred or abandoned, and the original agreement was modified so as to make it effective when a sufficient number of growers to produce 5 million bushels of wheat should give their written assent thereto. There was no issue raised as to whether enough growers to produce and contribute 5 million bushels to the marketing association had subscribed. Defendant had subscribed to the modified agreement and was therefore bound by its terms.

It is finally urged that the statute (R. S. 17-1601 *et seq.*) under which the plaintiff association was organized was special legislation, and thus at odds with section 17 of article 2 and section 1 of article 12 of the constitution. We think not. The statute provides that twenty or more persons engaged in the production of agricultural products may organize a nonprofit coöperative marketing association. The plaintiff was organized under its terms. Any number of similar groups of persons can do likewise. This is general legislation, not special; and the grant of such corporate power is similarly general, not special; and defendant's constitutional objections to the statute are so transparently ill founded that they only require mention to import their own refutation.

So far as concerns the attorney's fee, it was authorized by the contract to which the defendant was a subscriber, and the amount allowed as a fee is not controverted.

It follows that the judgment contains no error except in respect to the amount based partly upon testimony of plaintiff's witnesses other than defendant himself. To that extent it must be modified. The cause is therefore remanded with instructions to enter judgment for plaintiff for $531.25, and thus modified, the judgment will be affirmed in all its parts.