No. 27,477.

THE KANSAS WHEAT GROWERS ASSOCIATION, *Appellee,*
v. G. E. SEARCY, *Appellant.*

(260 Pac. 525.)

SYLLABUS BY THE COURT.

APPEAL AND ERROR—*Amount in Controversy.* Where a wheat grower's contract 'provided for payment of a reasonable attorney's fee by the grower in the event of his breach thereof, and where in an action against him to recover damages for such a breach he introduced evidence that $100 was a reasonable attorney's fee and the court fixed the amount at $125, and the difference between the two amounts is the only question in dispute, this court is without jurisdiction to consider the appeal.

Appeal from Reno district court; DON SHAFFER, judge *pro tem.* Opinion filed October 31, 1927. Appeal dismissed.

*C. E. Branine, H. R. Branine* and *H. F. Brown,* all of Hutchinson, for the appellant.

*T. A. Noftzer, George W. Cox, W. J. Masemore, R. L. NeSmith,* all of Wichita, *A. C. Malloy, R. C. Davis* and *Warren H. White,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover damages for breach of a marketing agreement. Plaintiff prevailed, defendant appeals and plaintiff moves to dismiss the appeal on the ground that less than the required amount is involved to give this court jurisdiction.

Trial to the court resulted in findings substantially that the defendant executed the contract with plaintiff, but was induced to do so by reason of fraud and misrepresentations; that subsequent to the execution of the contract, the defendant confirmed and ratified the execution thereof by signing a proxy to vote for directors of plaintiff association on December 18, 1923, November 5, 1924, and May 16, 1925; that the defendant sold and delivered to others than the plaintiff and in violation of his contract, 100 bushels of wheat in 1923, 499 bushels and 50 pounds in 1924, making a total of 599 bushels and 50 pounds; that $125 was a reasonable attorney's fee.

The defendant contends chiefly that the court erred in refusing to allow him a jury trial and in the allowance for attorney's fees.

On the question of the defendant's right to a jury trial, it may be said that while he had the right thereto, the action being one for damages, the facts testified to by him show that he suffered no prejudice by the court's refusal to submit the case to a jury. (See *Wheat Growers Ass'n v. Goering,* 123 Kan. 508, 256 Pac. 119.) He testified to the exact amount found by the court to have been delivered to others than plaintiff in violation of his contract.

On the question of attorney's fees, the defendant introduced evidence showing that a reasonable attorney's fee in the case would be $100. The contract provided for payment of a reasonable attorney's fee in the event of breach by the grower. The court found that $125 was a reasonable fee, so that the only question now in dispute between the parties is the $25 difference between the amount proved by the defendant and the amount found by the court, which is insufficient to give this court jurisdiction.

Various questions raised by the defendant have been previously and recently considered and passed on in *Wheat Growers Ass'n v. Rowan,* and cases cited, 123 Kan. 169, 254 Pac. 326; *Wheat Growers Ass'n v. Massey,* 123 Kan. 183, 253 Pac. 1093; and *Wheat Growers Ass'n v. Oden,* 124 Kan. 179, 257 Pac. 975.

The appeal is dismissed.