No. 23,164.

GEORGE LESLIE, *Appellee*, v. THE WM. KELLY MILLING COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

SALE OF WHEAT—*Seller Without Title—Buyer Not an Innocent Purchaser—Law of Markets Overt Never Recognized in This Country.* There is no law in this country recognizing the effect of a sale in market overt. The only exception to the general rule that no one can by sale transfer to another the right of ownership in a thing to which he has no right of property is in the cases of money, bank bills and negotiable instruments purchased in due course (which has been adopted for the sake of commerce). *Held,* no such exception can be recognized in the case of sales of wheat or small grain, notwithstanding the difficulty in tracing to its source the ownership of such grain when offered for sale to millers and other grain merchants.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed May 7, 1921. Affirmed.

*C. E. Branine,* and *H. R. Branine,* both of Hutchinson, for the appellant.

*C. M. Williams,* and *D. C. Martindell,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The Kelly Milling Company purchased from Fred Gibson two wagonloads of wheat, paying him the

market price. Gibson had wrongfully taken the wheat from the plaintiff's granary. The milling company appeals from a judgment in plaintiff's favor for the value of the wheat, and the appeal presents the sole question whether a purchaser in good faith and for value is protected in the purchase of wheat and similar grain in the ordinary course of business from one who has the possession but not the title.

It is said that the question is of great practical importance to the mills and elevators in this state, and that millers and others engaged in buying grain cannot in the hurry of business make extended inquiry and trace back to its source every bushel of wheat offered to them in the usual course of their business.

Markets overt were a Saxon institution engrafted on the common law of England. From that time a sale in market overt conferred a good title upon a *bona fide* buyer though the seller had no title whatsoever, and even though he had acquired the property by theft.

"All contracts for anything vendible, made in market overt shall be binding; and sales pass the property, though stolen, if it be an open and proper place for the kind of goods, there be an actual sale for valuable consideration, no notice of wrongful possession, no collusion, parties able to contract, a contract originally and wholly in the market overt, toll be paid, if requisite, by statute, and the contract be made between sun and sun." (2 Bouv. L. Dict. [Rawle's 3d·Rev.] 2096.)

By the English Sales of Goods Act of 1893, the common-law rule is still in force.

In this country the exception in favor of sales in market overt has never been recognized because there are no such markets here. (*Dame v. Baldwin,* 8 Mass. 517.) The institution of markets overt has never been recognized in any of the United States nor received here any judicial sanction. (*Ventress et al. v. Smith,* 35 U. S. [10 Pet.] 161.)

The plaintiff concedes this, but contends that an exception to the general rule that no one can by sale transfer to another the right of ownership in a thing when he has no right of property, having been adopted in this country for the sake of commerce, in the cases of money, bank bills and negotiable paper payable to bearer or transferable by delivery in the due course of business (*Murray v. Lardner,* 69 U. S. [2 Wall.] 110; 24 R. C. L. 377), a similar exception should be recognized

in the case of sales of wheat and other grains of such character that they can not be identified by even the most careful inspection. While it is doubtless true, as suggested, that in the hurry of business, millers and elevator companies may find it difficult to trace back to its source every load of small grain offered to them in the usual course of business, yet similar risks are assumed every day in the purchase of all kinds of property in many other kinds of business. We see no reason for making an exception in favor of grain merchants.

The judgment is affirmed.