No. 26,297.

THE FARMERS GRAIN AND SUPPLY COMPANY, *Appellee,* v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, THE RED STAR MILLING COMPANY, and EDWARD KELLY, doing business as the EDWARD KELLY GRAIN COMPANY, *Appellants.*

### OPINION ON REHEARING.

#### SYLLABUS BY THE COURT.

1. TROVER AND CONVERSION — *Joint Tort-Feasors* — *Purchaser in Good Faith.* Where several tort-feasors contribute to the transfer and disposition of an owner's car of wheat, without authority or right, all are liable in conversion for the owner's loss, and the fact that one of them bought the wheat in good faith and without knowledge that the others had no right to transfer or deliver it, will not relieve him from liability to the owner for the conversion.

2. SAME—*Joint Tort-Feasors—Failure to Recover as to One.* The fact that no recovery was obtained against one of the joint tort-feasors does not bar a recovery against the others.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion on rehearing denying motion to modify judgment filed May 8, 1926. (For original opinion see 120 Kan. 21.)

*William R. Smith, Owen J. Wood, Alfred A. Scott, Alfred G. Armstrong,* all of Topeka, *J. S. Simmons,* of Hutchinson, *Charles H. Brooks, Willard Brooks, Howard T. Fleeson, Thomas C. Wilson,* and *Henry Lampl,* all of Wichita, for the appellants.

*C. E. Branine, H. R. Branine* and *H. F. Brown,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.:   The motion of the Red Star Milling Company was allowed because of an inadvertent statement in the opinion that it as well as the other defendants knew that the car of wheat had been transferred and disposed of without the surrender of the bill of lading or the consent of the shipper.   An examination of the record shows that this company had no knowledge of these facts, and the question is whether such lack of knowledge absolves it from liability for the purchase, appropriation and disposition of plaintiff's wheat.

Plaintiff was not paid for the wheat wrongfully appropriated and disposed of by the defendants and has suffered a loss of $1,990.   The

Trover and Conversion, 38 Cyc. pp. 2010 n. 20, 2025 n. 35, 2055 n. 33, 2056 n. 34; 26 R. C. L. 766, 1118.

Farmers Grain Co. v. Atchison, T. & S. F. Rly. Co.

railway company and Kelly knew that the wheat was delivered and disposed of without authority or right, and the Red Star Milling Company assisted them in the disposition of the wheat and is jointly liable for the wrong, unless it is relieved because it was ignorant of the fact that the parties from whom it obtained the wheat had no right to deliver or dispose of the same. It is well settled that one who obtains the possession of property without the consent of the owner, or who buys it from a party who has no ownership or right to sell or dispose of it and thereafter asserts dominion over it or appropriates it to his own use, is liable for conversion, although he acted in good faith in the belief that the seller or party from whom he obtained possession owned the property and had the right to dispose of it. In the early case of *Shoemaker v. Simpson,* 16 Kan. 43, it was held that ignorance or innocence of one who gains possession of property from one who has no right to dispose of it, is no defense as against the true owner. The court said:

"We think it may be laid down as a rule, that whenever one person obtains the possession of the personal property of another without the consent of the owner, and then without any right which the law will recognize, asserts a claim to the property inconsistent with the owner's right of property and right of possession, the possession of such person will immediately become illegal and wrongful, . . . although the possessor thereof may ever so honestly entertain the belief that his claim to the property is both legal and just." (p. 52.)

In *Brown v. Campbell,* 44 Kan. 237, 24 Pac. 492, mortgaged cattle were consigned and shipped by the wife of a mortgagor to a commission broker, who sold the cattle to others. The mortgage had been filed for record, and the mortgagee sued the broker for the conversion of the cattle, whereupon the broker pleaded and showed that he had no knowledge of the mortgage or that anyone other than the consignor claimed or had any interest in the cattle. It was ruled that the broker was liable as for the conversion of the property, although he sold and disposed of it without actual knowledge that anyone other than the consignor had any ownership or interest in it. Authorities were cited to the effect that an absolute sale of mortgaged property by the mortgagor or anyone claiming under him is conversion, and that the auctioneer or other agent who sells the property is guilty of conversion although he did not participate in the fraud and had no knowledge of the existence of the mortgage. Other authorities are cited to the effect that everyone who aids or assists in a conversion is liable for the damages sustained whether

he acts with knowledge of the facts or in ignorance of them, and it was also ruled that one who buys property must at his peril ascertain the ownership of it, and if he buys of one who has no authority to sell, his possession and assumption of the right to dispose of it in denial of the owner's right is a conversion. *Leslie v. Milling Co.*, 109 Kan. 146, 197 Pac. 1094, is somewhat similar to the one under consideration. There the milling company purchased wheat from a seller who had wrongfully obtained possession of it and had no authority to sell it, and an action was brought by the owner against the milling company. There was no claim that the latter had knowledge that the wheat had been wrongfully acquired by the defendant. It contended that the wheat had been purchased in the open market and invoked the old doctrine that the sale in market overt conferred a good title on a bona fide purchaser even if the seller had no title to it or had acquired it by theft. This doctrine was rejected, and it was held that no one can by a sale transfer to another a right in property which he does not own or have a right to sell. It was urged that millers and others engaged in buying grain cannot in the hurry of business make inquiry and trace the ownership back to its source or the right of the seller to dispose of grain offered to them in the usual course of business; but the court held that the dealers buy at their peril, and if they buy from one who has no right to sell they are responsible to the owner, and that no exception to the general rule can be made in favor of grain dealers. In the early case of *Trudo v. Anderson*, 10 Mich. 357, it was said:

"We do not think the question of intent or good faith in a party receiving possession from a wrongful taker in such cases and where the owner has been guilty of no wrong or negligence, can have any bearing on the right of recovery in a civil suit for the property or its value, and such is clearly the weight of authorities both in England and the United States." (p. 370.)

Among the many authorities supporting the doctrine stated, the following are cited: 38 Cyc. 2010, 2026; 26 R. C. L. 1112, 1137; Bowers on Conversion, §§ 236, 247, 345. Reference is also made to the numerous authorities cited in these works.

It was determined in the first opinion that the defendants were properly joined as defendants and were joint tort-feasors, and that all participated in the wrong of depriving the plaintiff of its wheat. The only question reserved for consideration on this rehearing is whether the Red Star Milling Company is protected from liability because it acted in good faith and purchased the wheat in ignorance

of the fact that the other defendants did not have the right to deliver and dispose of it. The authorities, as we have seen, are overwhelming to the effect that the intent with which the owner is deprived of his property is not an element of conversion, that the ignorance and innocence of a wrongdoer in that respect is not a defense, and that one who purchases or takes possession of property from a person who had no right or authority to dispose of it is guilty of a conversion and liable for its value.

Considerable is said by way of argument as to the relations of the defendants and as to whether some are answerable over to the others. Among the defendants there is no relationship of master and servant, principal and agent, or that one was acting as the representative of another. Each was guilty of tortious action, and the acts of each contributed to the single injury, the disposition and loss of plaintiff's wheat. Plaintiff was at liberty to sue them singly or jointly, and even if sued singly the failure to recover against one of such tort-feasors would not have been a bar to a recovery against the others. The fact that no recovery was obtained against the railway company, a party to the joint wrong, does not relieve the other joint tort-feasors from liability. Of course there can be but one satisfaction for the joint wrong and injury, but there has been no satisfaction of the liability and we see no occasion in this proceeding to consider the relative guilt of each or to determine how far one may be answerable over to the other. No reason is seen for exempting the Red Star Milling Company from liability, and hence its motion to modify the judgment is denied.