No. 39,987

THE WESTERN FIRE INSURANCE COMPANY, a Corporation, *Appellee,* v. ROBERT PHELAN, *Appellant.*

(295 P. 2d 675)

Opinion filed April 7, 1956.

*Charles F. Forsyth,* of Erie, argued the cause and was on the briefs for the appellant.

*Glenn Jones*, of Parsons, argued the cause, and *Charles E. Henshall*, of Chanute, was with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover under the subrogation clause of an insurance policy, and from a judgment for plaintiff, the defendant appeals.

In substance the allegations of the petition were: (1) That plaintiff was an insurance company under the laws of Kansas and defendant was a resident of Neosho county; (2) that plaintiff, on September 1, 1950, issued to defendant its policy of insurance and contracted as part thereof to pay collision insurance on his 1949 Ford automobile; (3) on June 5, 1951, defendant, while driving the automobile, collided with an automobile driven by Maynard Klinefelter and received injuries to his person and damages to his automobile; that defendant requested plaintiff to pay him for damages to his automobile, and pursuant to the policy, on September 22, 1952, plaintiff paid and defendant accepted the sum of $1,105; (4) that at the time of payment defendant executed a sworn statement in proof of loss, which among other things contained an assignment of all of defendant's claims against any other person for said damages and subrogated plaintiff in place of defendant to said claims against other persons to the amount of $1,105 paid to the defendant by plaintiff; (5) a copy of the insurance contract was made a part of the petition; (6) a copy of the sworn proof of loss and subrogation was made a part of the petition; (7) that subsequent thereto defendant filed suit in the district court against Klinefelter for damages to his person and automobile arising out of the collision occurring on June 5, 1951, all as more definitely stated in the petition filed in that action; (8) that subsequent to the filing of that action and before trial thereof, defendant on October 27, 1953, settled and compromised his claims for damages to his person and property against Klinefelter for the sum of $6,000 and released and satisfied all of his claims and demands against Klinefelter; that the settlement included defendant's claim for property damage in the sum of $1,350, and upon the acceptance of the settlement money defendant became the holder to the amount of $1,105 thereof as trustee for the plaintiff and had that money in his possession for the use and benefit of plaintiff; that notwithstanding defendant was paid said $1,105 and held the same for the benefit of plaintiff, he wrongfully withheld the same from plaintiff and upon demand refused to account

therefor and pay the plaintiff. Plaintiff prayed for an accounting and that it have and recover the sum of $1,105, its costs and such other relief as the court deem proper. As there is no controversy concerning the insurance policy or the proof of loss, they need no particular notice.

Defendant's answer admitted the facts in paragraphs 1, 2, 3, 5, 6 and 7 of the petition and denied generally. Defendant pleaded at length that he brought an action against Klinefelter to recover $101,-334.15 for personal injuries and $1,255 for property damages and subsequently discussed with plaintiff, through its attorney, whereby plaintiff would bear a portion of the expense of the suit against Klinefelter, and the attorney agreed to contact his superiors to obtain an agreement as to sharing such costs, but nothing further was said to the defendant and he was forced to prosecute the action and pay all expenses alone; that plaintiff was reluctant to assist in the prosecution of the suit and actually furnished evidence to Klinefelter without the knowledge or consent of the defendant; that the statute of limitations ran in the negligence action before it was at issue without the plaintiff attempting in any way to intervene in the action or help in its prosecution. Defendant also pleaded at length that he settled with Klinefelter for $6,000 because he believed that amount was close to what he could collect by execution no matter what size of judgment he might get, since he believed this sum was close to the amount of Klinefelter's insurance, and that he received only a small part of the amount necessary to compensate him for his personal injuries, and that he was in no way compensated for the damage to his automobile; that the probability of his settlement, at the time it was made, was well known to the plaintiff and it in no way requested leave to be heard on settlement terms and in no way helped to gain such a settlement. Defendant further alleged that he at no time acted in the capacity of trustee for the plaintiff or recovered for it any money to repay plaintiff for the amount it had paid him. Other allegations are restatements of allegations previously reviewed.

The plaintiff filed an extensive reply setting up at length negotiations between counsel for plaintiff and defendant concerning prosecution of the action by defendant against Klinefelter, but by reason of the findings of fact later mentioned, these allegations need not be reviewed.

On the issues joined a trial was had. Plaintiff requested findings

of fact and at the conclusion of the trial the court made findings of fact and conclusions of law, which we summarize or quote as follows. The first three findings cover the status of the parties; that on September 1, 1950, plaintiff issued to defendant a policy of insurance, covering collision loss on defendant's automobile and that on June 5, 1951, the automobile was involved in an accident in which defendant Phelan was seriously injured. The remaining findings of fact, omitting references to exhibits and transcript numbers therein contained, and the conclusions of law were:

"4

"Defendant Robert Phelan filed his sworn statement in proof of loss under the terms of said policy with the Plaintiff under date of September 22, 1952, and Plaintiff paid to Defendant the sum of $1105.00, which was accepted by Defendant in payment of his damages and loss to said automobile under the terms of said policy.

"5

"On March 26, 1953, the Defendant Robert Phelan filed an action in the District Court of Neosho County, Kansas, as Plaintiff against M. O. Klinefelter, Defendant, being Number 15763. In which action Defendant Robert Phelan prayed judgment against the Defendant M. O. Klinefelter for damages for $102,589.15. One item of said damages being for the sum of $1,255.00 damages to the 1949 automobile.

"6

"Prior to the filing of the lawsuit by Mr. Robert Phelan against Mr. Klinefelter, the Defendant and his attorney consulted with and received assistance from Mr. Glenn Jones, attorney of Parsons, Kansas, for the Plaintiff, and agreed that Defendant would include as an item of damages in the case against Mr. Klinefelter the sum of $1,105.00, the amount paid by Plaintiff to Defendant as damages to his automobile under the terms of the insurance policy. The Plaintiff through its attorney, Mr. Jones, understood if recovery was made from Mr. Klinefelter by the defendant on behalf of Western that Mr. Forsyth would be paid one-third of the fee if suit was filed.

"7

"Assistance was rendered by Mr. Glenn Jones, attorney for the Plaintiff, to the Defendant by making an appointment with Mr. McCormick to meet the Defendant's attorney, and also furnished the Defendant a copy of Mc-Cormick's statement, secured pictures and sent copies to Defendant's attorney. Mr. Glenn Jones, attorney, was subpoenaed as a witness by Defendant in the case against Klinefelter and never did tell the defendant or his attorney that he wouldn't testify.

"8

"The case of Phelan vs. Klinefelter, No. 15763, by stipulation and agreement of parties that their differences had been adjusted, with the approval of the Court, was dismissed with prejudice at the cost of the Plaintiff.

"9

"The Plaintiff was never advised by the Defendant or his attorney that the Phelan vs. Klinefelter suit was going to be settled or was settled and that Western's rights were not being considered.

"10

"Defendant received $6,000.00 from M. O. Klinefelter in settlement of his suit against said Klinefelter and executed and delivered to Mr. Klinefelter a release. The defendant was represented by his counsel and had the advice of his stepfather and the settlement arrangements were discussed fully before executing the release.

"11

"The Defendant received personal injuries in the accident which occurred June, 1951, incurred some medical expense, lost time from his work, as well as damage to his automobile in addition to the amount received from the Plaintiff, all of which damages by stipulation were settled for $6,000.00, as per release.

"12

"Defendant paid to his attorney, Mr. Forsyth, the sum of $2,000.00, or one-third of the amount received by him in settlement of his damages.

"13

"The Defendant is indebted to the Plaintiff in the sum of $1,105.00, less one-third thereof, $368.33 paid as attorney fees, being $636.67, with interest, which said sum is held by Defendant in trust for the Plaintiff.

"CONCLUSIONS OF LAW

"That Plaintiff should have and recover from the Defendant the sum of $636.67, with interest at the rate of 6% per annum from Oct. 27, 1953; plus costs of action for all of which judgment is hereby entered."

In due time defendant filed his motion for a new trial the grounds of which were: (1) Abuse of discretion; (2) defendant was not afforded a reasonable opportunity to be heard and present his evidence; (3) erroneous rulings; and (4) the decision was in whole or in part, contrary to the evidence. Plaintiff filed its motion that the provisions for interest be stricken as not being asked for in its petition. The trial court sustained the plaintiff's motion and denied the defendant's motion and defendant appealed to this court.

Although appellant specifies error in five particulars, he does not separately present and argue them, but in his brief states there are two questions for determination.

The first question presented is that he was entitled to a trial by jury. In his abstract is a statement that appellee filed a motion, not abstracted, to remove the action from the docket of jury cases, and that the trial court, after argument, did remove the action from the

jury docket. No copy of any journal entry is included in the abstract nor does the abstract contain the journal entry showing what transpired at the trial. The copy of the journal entry attached to the notice of appeal filed in this court shows that when the cause came on for trial both parties announced they were ready for trial, but it does not show that defendant raised any question about a trial by jury. Assuming, however, that the question was properly raised, and not thereafter waived, we consider the question.

Appellant's contention in substance is that whether he is entitled to a trial by jury is to be determined not by what character the appellee may ascribe to his pleading, but from the substance of the pleading, and that the action was not one for an accounting, as contended for by the appellee, but one for the recovery of money, and under G. S. 1949, 60-2903, he was entitled to a jury, and our attention is directed to *Estey v. Holdren*, 126 Kan. 385, 267 Pac. 1098, *Hasty v. Pierpont*, 146 Kan. 517, 72 P. 2d 69, and *Nusz v. Nusz*, 155 Kan. 699, 127 P. 2d 441, and 21 C. J. 55, in support. Briefly stated, the appellee contends its rights were based entirely upon subrogation, a doctrine unknown to the common law; that the doctrine is an equitable one, to be determined by principles of equity; that it pleaded the facts necessary to show applicability of the doctrine, and that appellant held moneys for it due to it under application of the doctrine, and that a jury was not demandable as a matter of right. We need not determine the correctness of either of the above contentions for the following reasons.

Notwithstanding the pleadings presented some issues of fact, at the trial the evidence adduced by the appellee was not controverted in any essential particular. In particulars not necessary to point out, appellant produced no proof whatever in support of the allegations of his answer. The principal point of departure was whether the amount of the damages sustained by the appellant for his injuries exceeded the amount received by him on settlement of his action against Klinefelter, and passing any question as to legal effects if it did, it is noted that appellant produced some proof that it did and some other evidence offered on the question was denied admission on the objection of appellee. There was no contradicting evidence by appellee on the question, and no issue of fact presented. The issue was whether the fact, if proven, constituted a defense, and was a question of law. Under the circumstances there was no issue of fact to be determined, and the denial of a trial by jury did not prejudice the appellant.

The appellant's contention that the court erred in denying him a trial by jury cannot be sustained.

The second question presented by the appellant and which he states is determinative of the cause, is that where the evidence showed he suffered property damage and personal injury in an automobile accident, accepted indemnity insurance for his property loss and later settled his cause of action against the wrongdoer in good faith for less than the amount necessary to compensate him for his personal injuries, the plaintiff insurance company is not entitled to recover from him the amount paid for his property damage. In support he cites without comment 33 C. J. 43, and annotations in 36 A. L. R. 1287 and 55 A. L. R. 926.

On the assumption the evidence disclosed the factual situation above stated, appellant argues that the matter is determined by our decision in *Insurance Co. v. Cosgrove,* 85 Kan. 296, 116 Pac. 819, 41 L. R. A. n. s. 719, on rehearing 86 Kan. 374, 121 Pac. 488. A full review of the facts of that case is not necessary. The loss involved was a building destroyed by fire. So far as here applicable, the situation and law applied is sufficiently shown by paragraphs 2 and 3 of the syllabus in the first opinion reciting:

"In such case if the insured brings an action for the recovery of the loss from the wrongdoer and the insurer is informed of the pendency of the action, that the insured does not wish to represent the interests of the insurer and that there is talk of a settlement between the insured and the wrongdoer, it is the duty of the insurer to intervene in the action and protect his own interests.

"Where in such case the insured accepts, on settlement, damages from the wrongdoer which, added to the amount of the insurance, is less than the amount of his loss and expenses of litigation, the insurer, having made no effort to intervene and protect his own rights, can recover nothing from the insured."

A rehearing was allowed to consider the last clause of the first paragraph above quoted, and it was discussed in the second opinion, the law being reflected in the syllabus reciting:

"In an action by the insurer against the insured to recover insurance money paid on the contract of insurance, the general rule is that the insurer can recover only the excess which the insured has received from a wrongdoer, who caused the loss, after the insured is fully compensated for his loss and the costs and expenses of the recovery thereof.

"Where the insured brings an action against an alleged wrongdoer for occasioning a loss, partially covered by insurance, and the insurer is informed, from time to time, by the insured of the prospects of recovery and that a settlement is being discussed between the parties; and the insurer contributes nothing to the prosecution of the claim and takes no steps to protect his interests therein; and thereafter the insured, in good faith, settles the action for less

than his loss in excess of the insurance; *held,* the insurer can not recover the insurance money paid, in an action therefor against the insured.

"Where a plaintiff in an action, having not only a personal interest but also representing the interests of others who may be benefited by his recovery therein, settles the suit, on the advice of counsel, for less than the amount claimed, to the apparent detriment of both himself and the others, it will be presumed, in the absence of evidence to the contrary, that the settlement was made in good faith."

The facts in the above case are clearly distinguishable from the case at bar. There the loss was of one building covered by one policy issued by the company. In the instant case, the appellant sought to recover for his personal injuries, in which the appellee insurance company had no financial interest or responsibility, and also for the loss of his automobile on which the appellee had issued a policy and on which it paid appellant the full sum due under the policy. In the case at bar the trial court made extended findings of fact. No motion to set aside or alter any finding was ever filed by the appellant nor does he now contend that the findings are not supported by the evidence, but only that they do not support the judgment. The substance of the findings is that the appellee paid appellant for the loss of his automobile and thereafter appellant commenced an action against Klinefelter to recover damages in the total amount of $102,589.15, one of the items included being for the loss of his automobile alleged to be $1,255; that prior to commencement of the action appellant received assistance from the appellee and agreed to include loss of the automobile it being understood if recovery was had appellant's attorney would be paid a fee; that appellee rendered assistance; that appellant settled his action against Klinefelter but never advised appellee that the action was to be settled or that appellee's rights were not being considered; that appellant received injuries in the accident of June, 1951, and incurred some medical expense, lost time as well as damage to his automobile in addition to the amount received from appellee and all of those damages were settled for $6,000. Other findings have some bearing on the matter but are not summarized here. Under the findings it is clear that appellee did not refuse assistance in the action against Klinefelter, on the contrary, it made sure loss for the automobile was included as an item for recovery, it assisted appellant's counsel in the action, and agreed to pay him for his services. With the case at issue, appellant without notice of any kind to appellee, settled for all damages by acceptance of

$6,000. The facts of the instant case clearly show that the case is not determined by *Insurance Co. v. Cosgrove,* supra.

We here note that appellant makes a statement, but no particular argument, that the findings of fact do not support the judgment in that the court did not consider appellant's costs in the preparation of his action against Klinefelter. The findings of the trial court make no specific mention of costs. A review of the record does not disclose that appellant ever demanded that appellee do so.

Neither the brief of appellant nor appellee directs attention to any decision of this court determining the precise question now under consideration and our research discloses none.

A somewhat similar situation as to facts was before the court in *Illinois Auto. Ins. Exch. v. Braun, Appel.,* 280 Pa. 550, 124 Atl. 691, 36 A. L. R. 1262, where an insurance company brought an action to recover the amount of insurance paid out by it to defendants for the loss of their truck in a collision with a train, reference to that opinion being made for a fuller statement of the facts. It appeared that after the insured defendants had been paid by the insurance company they proceeded with a suit against the railroad company to recover for loss of the truck and other damages not covered by the policy of insurance and although the insurance company was aware the action was pending it was not aware there were any negotiations for settlement or that a settlement had been made, but upon learning of it, the insurance company commenced its action against the insured to recover the amount it had paid on the policy. In its opinion the court said it was difficult to state a satisfying reason why the insured, having, without the acquiescence of the insurer, released the wrongdoer causing the loss, should be in better case than the insured would have been before receiving the insurance money, as they had put it beyond the power of the insurer to obtain anything from the wrongdoer. The court also commented on the fact the insured's action against the railroad company sought damages in addition to the loss of the truck, but that when settlement was made a lump sum was accepted, it being said the insured could not be permitted to jeopardize the insurer's position by mixing up the claims, making a lump sum settlement and then setting up the facts as a reason why the insurer should not recover. Answering a contention that the subrogation provision of the policy was not effective, because the insurer had not paid the costs of the suit against the railroad company, the court observed, in substance,

that when the insurer paid the insured, no demand as to costs of the action against the railroad company was made, and that the insured could not remain silent on the question, go ahead with the action against the railroad company, surreptitiously settle the action and then use the nonpayment of costs as a means of defeating any recovery by the insurer.

In our opinion the conclusion reached by the Pennsylvania court was correct and based on sound reasoning applicable to the case at bar. Without detailing all of the facts as found by the trial court, where it appeared that appellant accepted insurance moneys from appellee and executed to appellee, under the subrogation clause of the insurance policy, an assignment of his rights with respect to the insurer's property against any person liable for the loss thereof and thereafter by agreement commenced an action against the wrongdoer to recover for such property loss and other damage, received assistance from the appellee in connection with the action and thereafter, without notice to appellee settled his entire claim and retained the settlement moneys, the trial court properly concluded that appellant held moneys to the extent of the sum received by him from the appellee, less the amount of agreed attorneys fees, in trust for the appellee, and that the appellee should have judgment therefor.

Appellant's specifications of error that the trial court erred in sustaining appellee's objections to evidence offered by him, in overruling his demurrer to appellee's evidence, or in denying his motion for a new trial are not separately discussed and might well be considered abandoned. We note, however, that there is no showing that any excluded evidence was produced on the hearing of the motion for a new trial as required by G. S. 1949, 60-3004, and there is nothing for review concerning excluded evidence. What has been said heretofore sufficiently answers any question as to the rulings on the demurrer and on the motion for a new trial.

The judgment of the trial court is affirmed.