No. 42,275

RONALD N. JORDAN, d/b/a JORDAN's TV & APPLIANCE (GENERAL ELECTRIC CREDIT CORPORATION, *Plaintiff*), *Appellee* and *Cross-Appellant,* v. FELIX G. KANCEL, SR., d/b/a AUTO MOTEL OF WICHITA, *Appellant* and *Cross-Appellee.*

(361 P. 2d 894)

Opinion filed May 13, 1961.

*Ralph B. Foster,* of Wichita, argued the cause, and *Stanley Garrity,* of Wichita, *Felix G. Kancel, Jr.,* of Kansas City, *Dale B. Stinson, Jr.,* and *Willis W. Wall,* both of Wichita, were with him on the briefs for the appellant and the cross-appellee.

*Gerald Sawatzky,* of Wichita, argued the cause, and *George B. Powers, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Malcolm Miller, Robert N. Partridge, Robert M. Siefkin* and *Richard C. Harris,* all of Wichita, were with him on the briefs for the appellee and the cross-appellant.

The opinion of the court was delivered by

WERTZ, J.: This was a replevin action brought by Ronald N. Jordan, plaintiff (appellee), against Felix G. Kancel, Sr., defendant (appellant), to recover twenty-six television sets owned by plaintiff, or, in the alternative, the value thereof. From a judgment in favor of the plaintiff, the defendant appeals, and plaintiff cross-appeals from that portion of the judgment fixing the value of the property.

The undisputed facts in the case are: Plaintiff Jordan was the sole proprietor of a Wichita television and appliance store which handled General Electric products. The television sets which were the subject of this action were on the floor of plaintiff's store under a trust receipt or floor plan mortgage with the General Electric Credit

Corporation. Copies of the trust receipts were filed of record in the office of the register of deeds of Sedgwick county. Defendant Kancel operated a motel in the city of Wichita. At the time in question, Albert Brinkman and Daverne Rudiger were doing business in Wichita as a partnership under the name of General Electronics, a television service and repair shop. They were not in the business of selling either used or new television sets and had no franchise to do so. They had done repair and service work on television sets for defendant Kancel on many occasions.

In the fall of 1959, Brinkman contacted Jordan for the purpose of renting new television sets from him. Jordan agreed to rent some twenty-six television sets to Brinkman at the rate of $20 a month each. However, Brinkman had no authority to sell the sets and was instructed not to do so; but he did have the right to, in turn, lease or rent the sets to others in the community, and they remained the property of Jordan. Upon the delivery of each set to Brinkman, Jordan prepared an invoice giving the set a number and designating it for rental. Brinkman paid the monthly rental on the sets for several months, and, then, without title to them, authority from or knowledge of the plaintiff, purported to sell the sets to defendant Kancel for use in the twenty-five new units of his motel. Defendant paid Brinkman $100 each for the twenty-two seventeen-inch television sets and $110 each for the four twenty-one-inch television sets. Defendant paid no sales tax on his claimed purchase, and did not check with anyone to see if General Electronics, composed of Brinkman and Rudiger, was franchised or had title to the sets or authority to sell them. Thereafter, Brinkman absconded with the money.

Defendant Kancel had been previously contacted several times by Mr. Clay, a contract salesman employed directly by the General Electric Corporation, in an attempt to sell television sets to defendant as a motel operator. Clay quoted the seventeen-inch sets direct from the factory at a special price of $134.50 each, which was less than General Electric sold them to its franchised dealers. Clay testified that defendant subsequently told him he had purchased television sets elsewhere but was reluctant to say he had purchased them from Brinkman.

A few days after Brinkman's disappearance, Jordan contacted Kancel to inquire about the rental television sets and was advised by him that he had bought them from Brinkman; whereupon, Jordan filed this action.

The defendant contends that due to the nature of the transaction and the circumstances thereunder he was a bona fide purchaser for value of the television sets. The plaintiff contends that Brinkman had no authority to sell the television sets and could convey no title thereto.

The rule of law is well stated in 2 Williston on Sales (Rev. Ed.), § 313, pp. 244, 245:

"Although intrusting possession to another may lead an innocent third person to believe the possessor is the owner, no court has ever gone so far as to hold that the mere intrusting with possession would preclude the owner from asserting his title. If the owner of goods is responsible for or cognizant of no other deceptive circumstances, it is an entirely proper thing for him to intrust another with the goods either for the advantage of the owner or of the possessor, and the law has never attempted to debar the owner from so doing. He may intrust his goods to another to be repaired or he may lend them to another for the latter's use *or he may lease them for hire,* and still reclaim them from one who has innocently given value for them to the bailee." (Emphasis supplied.)

It is a general rule with regard to personal property that title, like a stream, cannot rise higher than its source (46 Am. Jur., Sales, § 458, p. 620).

It was stated in *Mitchell v. Hawley,* 83 U. S. 544, 550, 21 L. Ed. 322, 324, that no one in general can sell personal property and convey a valid title to it unless he is the owner or lawfully represents the owner. *Nemo dat quod non habet.* Persons, therefore, who buy goods from one not the owner and who does not lawfully represent the owner, however innocent they may be, obtain no property whatever in the goods, as no one can convey in such a case any better title than he owns, unless the sale is made in market overt, or under circumstances which show that the seller lawfully represented the owner. See also 46 Am. Jur., Sales, § 458, p. 621; 77 C. J. S., Sales, § 295, pp. 1104, 1105; 2 Williston on Sales (Rev. Ed.), § 311, p. 241; Brown on Personal Property (2d Ed.), § 71, pp. 241, 242.

In *Farmers Grain Co. v. Atchison, T. & S. F. Rly. Co.,* 121 Kan. 10, 13, 245 Pac. 734, we stated that one who purchases or takes possession of property from a person who has no right or authority to dispose of it is guilty of a conversion and liable for its value.

Under the facts in the instant case, the defendant cannot be considered a bona fide purchaser in good faith without notice. The evidence discloses that he made no investigation whatsoever con-

cerning the television sets, with the exception of a vague question to his attorney and to a bank; that he paid no sales tax on the purchase; that he received no invoice or bill of sale from Brinkman; that he knew that Brinkman was a television repair and service man and not a television dealer, that the television sets were not sold in the usual course of business and that the price paid was far below the factory price for the same. Moreover, even if defendant had been a purchaser in good faith without notice, under the aforementioned authorities he obtained no title or right to the sets by reason of his purchase from Brinkman, who was not the owner nor was he authorized to sell the sets.

Defendant contends plaintiff is estopped from asserting ownership of the property. Suffice it to say, defendant neither pleads estoppel nor is there any evidence in the record justifying the application of the doctrine, had it been pleaded.

Defendant next contends that he was denied a jury trial. The pleadings presented issues of fact, and it was therefore error for the trial court to refuse defendant's demand for a jury trial. However at the trial the evidence adduced by the parties was not controverted in any essential particular and no issue of fact was presented. Under the evidence in the case it became a question of law as to whether Brinkman could convey title to the defendant. The evidence established plaintiff's cause of action so clearly as to require a directed verdict for plaintiff if a jury trial had been granted, and the denial of a jury trial in the first instance did not result in prejudicial error. (*Wheat Growers Ass'n v. Goering,* 123 Kan. 508, 256 Pac. 119; *Western Fire Ins. Co. v. Phelan,* 179 Kan. 327, 332, 295 P. 2d 675.)

Plaintiff's cross-appeal has been duly considered and found to be without sufficient merit to authorize a modification or reversal of the judgment.

The judgment of the trial court is affirmed. It is so ordered.